**William Obdulio MARTINEZ–PERDOMO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–71270.
INS No. A75–295–161.

United States Court of Appeals, Ninth Circuit.

---

Submitted June 11, 2001.*

Decided June 25, 2001.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

William Obdulio Martinez–Perdomo, a native and citizen of El Salvador, petitions for review of a final order of deportation entered by the Board of Immigration Appeals ("BIA") on September 11, 2000. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

The BIA dismissed Martinez–Perdomo's appeal from an order of an Immigration Judge denying his application for asylum and withholding of deportation on the ground that he failed to establish a well-founded fear of future persecution on account of his political opinion.

■ There is no evidence that Martinez–Perdomo's grandmother and aunt's employment as laundresses for the Salvadoran military caused the guerillas to impute a political opinion to him. Nor is there any evidence that the guerillas ever harmed or threatened Martinez–Perdomo or his family. The guerillas' mere questioning of Martinez–Perdomo's grandmother does not rise to the level of persecution. *Khourassany v. INS,* 208 F.3d 1096, 1100–01 (9th Cir.2000) (detention and questioning by police does not constitute persecution). Indeed, at his hearing before the Immigration Judge, Martinez–Perdomo testified that his grandmother continued to reside openly and unharmed in San Miguel. Thus, substantial evidence supports the BIA's conclusion that Martinez–Perdomo's fear of future persecution lacks an objective basis. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000) (requiring, under the substantial evidence standard, affirmance of the BIA unless the evidence compels reversal); *Aruta v. INS,*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

80 F.3d 1389, 1392, 1395 (9th Cir.1996) (affirming BIA's denial of asylum where petitioner had never been "directly or indirectly the victim of any threat, or of any acts of aggression, harassment, or persecution," and where petitioner's sister continued to reside "openly and continuously in ... the same zone of danger").

■ Because Martinez–Perdomo has not established eligibility for asylum, he necessarily fails to establish eligibility for withholding of deportation. *Pedro–Mateo,* 224 F.3d at 1150.

PETITION DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.